UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel. ALICE
YANITY, MAUREEN C. MCNABB, and TRACEE
URQUHART,

               Plaintiffs-Relators,

v.

J & B MEDICAL SUPPLY COMPANY, INC.,

               Defendant.

Case No. 08-11825

Honorable Julian Abele Cook, Jr.

ORDER

This is a civil lawsuit, in which the three individual Plaintiffs-Relators (Alice Yannity, Maureen McNabb, and Tracee Urquhart) have collectively accused the Defendant (J&B Medical Supply Company) of (1) violating the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 to 3733, through fraudulent medical billing practices; (2) committing acts of retaliation against them as employees for engaging in a protected activity in violation of 31 U.S.C. § 3730(h); (3) retaliating against all of them in violation of Michigan public policy; and (4) disregarding Mich. Comp. Laws § 400.610c with unlawful acts of retaliation against them.

Currently pending before the Court are two separate motions to dismiss, both of which were filed by the Defendant. (ECF 36 and 38).

I.

On April 29, 2008 the Plaintiffs/Relators ("Plaintiffs") filed their *qui tam* complaint against

1

Defendant J&B Medical Supply Company. Pursuant to the applicable statutory provision, 31 U.S.C. § 3730, Plaintiffs filed the complaint on behalf of themselves and the United States. The complaint was filed under seal. *See* 31 U.S.C. § 3730(b)(2). On August 3, 2010, the United States declined to intervene in the action, pursuant to 31 U.S.C. § 3730(b)(4)(B), giving the Plaintiffs the right to continue the action themselves. In an order dated September 27, 2011, the Court unsealed the official file and granted the Plaintiffs' motion to amend the complaint. The Plaintiffs filed their amended complaint on September 28, 2011.

On October 4, 2011, the Defendant filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint failed to meet the particularity requirements of Rule 9(b). (ECF 36). On October 11th, the Defendant filed a motion to dismiss Count Two for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF 38).

II.

All three of the Plaintiffs worked in the billing department of the Defendant, a Michigan corporation which maintains its business operations in Oakland County, Michigan from which it sells bulk medical and surgical supplies to private entities and the general public. Plaintiff Yannity worked for the Defendant as an assistant billing manager from May 11, 2007 until August 1, 2007. Plaintiff McNabb worked for the Defendant as a medical biller from October 16, 2006 until September 13, 2007. Plaintiff Urquhart worked for the Defendant as a medical biller from October 9, 2006 until September 13, 2007. As employees within the Defendant's billing department, the Plaintiffs contend that they were in a position to review all of their employer's billing records which, in turn, enabled them to uncover numerous instances of false billing to Medicaid.

In making this assertion, they maintain that the Defendant had, *inter alia*, unlawfully billed

2

Medicaid for supplies that were never delivered to its intended beneficiaries. Moreover, the Plaintiffs contend that the Defendant wrongfully obtained reimbursement payments from Medicaid by improperly posting false rejections from insurers whose coverage was primary to that of Medicaid. They also allege that their employer (1) regularly understaffed its billing department and (2) failed to train and monitor the billing staff, which, in turn, caused such problems as duplicate billing errors to occur. Finally, the Plaintiffs submit that they were wrongfully terminated from their respective jobs by the Defendant in retaliation for their refusal to participate in this allegedly fraudulent scheme.

### III.

Fed. R. Civ. P. 12(b)(6) contains language which provides for the dismissal of a case if the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007). However, a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. In order to survive a motion for dismissal, the non-moving party must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007). In addition to the allegations and exhibits within the complaint, a court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir.2008) (internal citation omitted).

Fed. R. Civ. P. 9(b) governs the content of those pleadings which assert fraud. This Rule

states, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Sixth Circuit has held that Rule 9(b) must be considered along with the requirements of Rule 8, which calls for "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (holding that "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony."). The purpose of Rule 9 is "to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Id*. The Sixth Circuit has determined that claims under the FCA must comply with the requirements of Fed.R.Civ.P.9(b) and must be pled with particularity. *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 563 (6th Cir.2003).

IV

In support of its dispositive motion, the Defendant argues that the Plaintiffs' first amended complaint does not satisfy the language within Rule 9(b), in that it fails to provide sufficient detail which would allow the defense to prepare an adequate response to the allegations of claimed wrongdoings.

Plaintiffs and Defendant concur that the elements of a false claim under 31 U.S.C. § 3729 are "(1) a person presents, or causes to be presented, a claim for payments or approval; (2) the claim is false or fraudulent; and (3) the person's acts are undertaken 'knowingly,' i.e., with actual knowledge of the information, or with deliberate ignorance or reckless disregard for the truth or falsity of the claim." *United States* ex. rel. *Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 503 (6th Cir.2007) ("*Bledsoe II*") (internal quotations omitted). "[T]o surmount the hurdle of

4

Rule 9(b), a relator's complaint must allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at 506. Further, the Sixth Circuit in *Bledsoe II* held that "pleading an actual false claim with particularity is an indispensable element of a complaint that alleges a FCA violation in compliance with Rule 9(b)." *Id*. at 504. However, the Sixth Circuit later clarified this requirement. "So long as a relator pleads sufficient detail- in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud- to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." *United States* ex rel. *SNAPP, Inc. v. Ford Motor Company*, 532 F.3d 496, 504 (6th Cir.2008).

After reviewing the first amended complaint, the Court determines that the Plaintiffs have pled sufficient details to satisfy Fed. R. Civ. P. 9(b) and the requirements set forth in *Bledsoe II*. The Plaintiffs' first amended complaint sets forth the time of the alleged fraud (first amended complaint, ¶¶ 32, 35, 36, 73, 94, 95, 98). They also contend that the alleged fraud occurred at the Defendant's offices in Wixom, Michigan. (first amended complaint, ¶¶ 3, 12). The content of the misrepresentation and fraudulent scheme have been proffered with particularity in ¶¶ 27-28, 34, 39, 59-61. The fraudulent intent of the Defendant is alleged at ¶¶ 58, 74, 84-87. The Plaintiffs have advanced specific false claims, including amounts of the fraudulent payments. (first amended complaint, ¶¶ 28, 97).They also submit that these allegations are based on their first-hand knowledge (first amended complaint, ¶¶ 27, 59, 69, 77). Finally, the claimed injuries, which have been attributed to the Defendant as a result of fraud, are found at ¶¶ 29, 69, 97. Thus, the Court is satisfied that the Plaintiffs' first amended complaint satisfies the pleading requirements of Fed. R.

Civ. P. 9(b).

V.

Next, the Defendant submits that the Court should dismiss Count II of the Plaintiffs' first amended complaint because of their failure to state a claim. That count alleges retaliatory discharge in violation of 31 U.S.C. § 3730(h) which protects those *qui tam* whistleblowers who pursue or investigate fraudulent activity of their employers from retaliation. *See McKenzie v. BellSouth Telecommunications*, 219 F.3d 508, 513 (6th Cir.2000) (*"McKenzie II"*). Both parties agree that in order to establish a claim of retaliation under § 3730(h), "the [Plaintiffs must show that they were] engaged in a protected activity and that [their] employer knew about it." *U.S.* ex. rel. *McKenzie v. BellSouth Telecommunications*, 123 F.3d 935, 944 (6th Cir.1997) (*"McKenzie I"*). The Sixth Circuit has divided the second *McKenzie* element into two prongs. *See, e.g., Yuhasz v. Brush Wellman* 341 F.3d 559, 566 (6th Cir.2003) (in order to establish a claim for retaliatory discharge, a plaintiff must show: (1) he engaged in a protected activity; (2) his employer knew that he engaged in the protected activity; and (3) his employer discharged or otherwise discriminated against the employee as a result of the protected activity).

The Defendant argues that the Plaintiffs' claims to have undertaken internal efforts in an effort to correct the alleged false billing do not constitute a protected activity. In advancing this argument, the Defendant submits that internal whistleblowers can recover for their employers' acts of retaliation under §3730(h). The Sixth Circuit has held that internal reporting can be a protected activity. *See McKenzie I,* 123 F.3d at 944 (bringing alleged fraud to a supervisor's attention is protected activity although plaintiffs must only allege activities "that would have given [the defendant] reason to believe [they were] contemplating a qui tam action"); *U.S.* ex. rel. *Marlar v.*

6

*BWXT Y-12, L.L.C.*, 525 F.3d 439, 449-450 (6th Cir.2008) ("a plaintiff is entitled to recovery under §3730(h) when she alleges that she observed purportedly fraudulent activity, she confronted her employer about it, and her employer fired her because of it."). Internal reporting may constitute protected activity as long as the internal reports "allege fraud on the government." *McKenzie II*, 219 F.3d at 516. The Plaintiffs' first amended complaint contains allegations that they (1) reported false billing to their supervisors, and (2) objected to the submission of false claims and fraud on the government. *See* ¶¶ 47, 54, 56, 64, 88, 99, 108, 109, 111, 118. These allegations are sufficient to survive the Defendant's motion to dismiss.

VI.

Therefore, the Defendant's motions to dismiss (ECF 36 and 38) are denied.

IT IS SO ORDERED.

Date: April 13, 2012
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 13, 2012.

s/ Kay Doaks
Case Manager