IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
ex rel. ALICE C. YANITY,
MAUREEN C. McNABB, and
TRACEE URQUHART,

    Case No. 2:08-cv-11825

    Plaintiffs-Relators,

    Hon. Julian Abele Cook, Jr.

v.

J & B MEDICAL SUPPLY COMPANY,
INC., a Michigan corporation,

    Defendant.
_____/

| | |
|---|---|
| Deborah L. Gordon (P27058) | Alan G. Gilchrist (P23408) |
| Sarah S. Prescott (P70510) | Robert S. Iwrey (P48688) |
| Deborah L. Gordon, PLC | Timothy Burkhard (P73210) |
| Attorneys for Plaintiffs | The Health Law Partners, P.C. |
| 33 Bloomfield Hills Parkway, Suite 275 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 29566 Northwestern Highway, Suite 200 |
| 248-258-2500 | Southfield, MI 48034 |
| dgordon@deborahgordonlaw.com | 248-996-8510 |
| | agilchrist@thehlp.com |
| | riwrey@thehlp.com |
| | tburkhard@thehlp.com |

Carolyn Bell Harbin (P27350)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9114
carolyn.bell-harbin@usdoj.gov
_____/

**JOINT DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**

1.     Nature of the Action. This is a case where the Plaintiffs claim that Defendant violated the False Claims Act, 31 U.S.C. §§ 3729 – 3733. Plaintiffs also claim that Defendant retaliated against them and terminated their employment in violation of the anti-retaliation provisions of the False Claims Act and in violation of Michigan public policy. Defendant denies any wrongdoing of any kind. Plaintiffs have demanded a jury trial.

53771:00002:986068-1

2. Settlement Discussions.  To date, no settlement discussions have taken place.

3. The parties have met pursuant to Fed. R. Civ. P. 26(f).

4. The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1), but will exchange such information as set forth below.

5. The only known potential issues with completing the disclosures required by Fed R. Civ. P. 26(a)(1) are the following:

   (a) Defendant will oppose disclosure of patient identifying information absent entry of a Protective Order.  The parties are working on a Protective Order to address this potential issue;

   and

   (b) Defendant asserts that it lacks sufficient information to identify the individuals Plaintiffs provide as examples in their Amended Complaint and that they need the patients' full name, account number, account ID, address and dates of service in order to identify these patients.  Plaintiffs will work with Defendants to develop all necessary discovery, or seek Court intervention if an agreement cannot be reached.

6. The parties have not conducted any discovery in this matter.

7. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:  Defendant's billing to the government; Plaintiffs' evidence concerning the alleged false billing; Plaintiffs' termination and reasons therefor; and any other allegations or defenses asserted.

   (b) Discovery need not be conducted in phases or be limited to particular issues at present.

   (c) Limitations on Discovery – The parties have discussed alterations to the standard discovery limitations.  Counsel foresee the possible need for expanding the standard discovery limitations set forth in the Federal Rules of Civil Procedure.  However, they agree to address such issues as the need arises.

   (d) E-discovery – Various discoverable materials may be maintained electronically and there exists an obligation to preserve and not to delete, mis-label, modify, or otherwise render these materials unusable/unsearchable/difficult or impossible to identify.

   (e) Proposed schedule:

      (1) Fed. R. Civ. P. 26 Disclosures: The parties will disclose the information which is not protected by HIPAA or some other privilege on or before June 12, 2012

    and will disclose the information protected by HIPAA or some other privilege within two (2) weeks after a protective order is agreed to and in place.

(2) Motions to amend pleadings to conform to discovery to be filed by August 26, 2012.

(3) Factual discovery to be completed by November 28, 2012.

(4) Witness list/exhibit list due on or before December 26, 2012.

(5) Dispositive motions to be served on or before January 30, 2013.

(6) Motions in limine/other motions to be served on or before three (3) weeks prior to the trial date.

(7) Final Pretrial Conference two (2) weeks prior to the trial date.

(8) Trial Brief to be served on or before two (2) weeks prior to the trial date.

(9) Trial Date: to be determined by the Court.

Dated: May 30, 2012

| | |
|---|---|
| | Alan G. Gilchrist (P23408) |
| Deborah L. Gordon (P27058) | /S/Robert S. Iwrey (P48688) |
| /S/Sarah S. Prescott (P70510) | Timothy Burkhard (P73210) |
| Deborah L. Gordon, PLC | The Health Law Partners, P.C. |
| Attorneys for Plaintiffs | Attorneys for Defendant |
| 33 Bloomfield Hills Parkway, Suite 275 | 29566 Northwestern Highway, Suite 200 |
| Bloomfield Hills, MI 48304 | Southfield, MI 48034 |
| 248-258-2500 | 248-996-8510 |
| dgordon@deborahgordonlaw.com | agilchrist@thehlp.com |
| sprescott@deborahgordonlaw.com | riwrey@thehlp.com |
| | tburkhard@thehlp.com |