IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
ex rel. ALICE C. YANITY,
MAUREEN C. McNABB, and
TRACEE URQUHART,                                    Case No. 2:08-cv-11825

      Plaintiffs-Relators,                        Hon. Julian Abele Cook, Jr.

v.

J & B MEDICAL SUPPLY COMPANY,
INC., a Michigan corporation,

      Defendant.
_____/

Deborah L. Gordon (P27058)                  Alan G. Gilchrist (P23408)
Sarah S. Prescott (P70510)                  Robert S. Iwrey (P48688)
Deborah L. Gordon, PLC                      Timothy Burkhard (P73210)
Attorneys for Plaintiffs                    The Health Law Partners, P.C.
33 Bloomfield Hills Parkway, Suite 275      Attorneys for Defendant
Bloomfield Hills, MI 48304                  29566 Northwestern Highway, Suite 200
248-258-2500                                Southfield, MI 48034
dgordon@deborahgordonlaw.com                248-996-8510
sprescott@deborahgordonlaw.com              agilchrist@thehlp.com
                                            riwrey@thehlp.com
Carolyn Bell Harbin (P27350)                tburkhard@thehlp.com
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Suite 2001
Detroit, MI 48226
313-226-9114
carolyn.bell-harbin@usdoj.gov
_____/

**STIPULATION AND PROTECTIVE ORDER
GOVERNING CONFIDENTIALITY OF DOCUMENTS**

      The parties to the above-styled action (individually referred to as "Party" or collectively

referred to as "Parties"), by their respective counsel, hereby agree and stipulate to the following

provisions concerning the confidentiality of all documents that will be produced by either Party:

1.      This Stipulation and Protective Order shall be applicable to and govern all documents, including information contained therein and copies thereof, made available for inspection or produced by any of the Parties in connection with this action that contain trade secrets, customer lists, business plans, personnel files, HIPAA-protected health information including any medical or patient-identifying information, and other highly sensitive information that any of the parties believe, in good faith, should be made confidential to protect legitimate business interests.

2.      To protect highly sensitive information and confidential patient-related information, such documents produced or made available for inspection as are defined in enumerated Paragraph 1 above shall be considered STRICTLY CONFIDENTIAL (the "Confidential Documents"), if identified as such by stamping them with those words at the time of production.

3.      No Confidential Documents may be disclosed, divulged, revealed, described, transmitted or otherwise communicated by the Parties, counsel for the Parties, or any other person, to any person other than:

    a.      Members or employees of the parties entering into this Stipulation and Protective Order to the extent necessary for and solely for the purpose of assisting in prosecuting or defending this action;

    b.      Members or employees of counsel for the Parties to the extent necessary for and solely for the purpose of assisting in prosecuting or defending this action;

    c.      Experts retained by counsel for the Parties to the extent necessary for and solely for the purposes of assisting in prosecuting or defending this action;

2

> d.      Any individuals or entities who have financial liability for any Party to the
> extent necessary for and solely for the purposes of assisting in prosecuting
> or defending this action;
>
> e.      Witnesses or potential witnesses for the purposes of eliciting, preparing or
> developing written or oral testimony in this action;
>
> f.      The Court, mediators, facilitators and their staffs;
>
> g.      The jury; and
>
> h.      Court reporters.

Each person given access to Confidential Documents or copies thereof pursuant to clauses (a) through (e) and (h) above shall be advised of the existence and contents of this Stipulation and Protective Order and be bound by it, and shall be subject to sanctions by the Court for failure to comply with the terms of this Stipulation and Protective Order.  Nothing in this Order shall alter the right of open access by the public to in-Court proceedings.

4.      Any person permitted access to Confidential Documents pursuant to this Stipulation and Protective Order shall not disclose such documents or their contents except to other persons who have been permitted access to said documents under the terms of this Stipulation and Protective Order and shall not disclose, divulge, reveal, describe, transmit or otherwise communicate regarding such documents other than in connection with this action.

5.      If Confidential Documents are disclosed to or come into the possession of any person other than in the manner authorized in this Stipulation and Protective Order, the party responsible for the disclosure must immediately inform the person or entity who produced such Confidential Document(s) of all pertinent facts relating to such disclosure and shall make

reasonable efforts to prevent further disclosure by each unauthorized person who received Confidential Documents.

6.     To the extent either party desires to attach a Confidential Document to any document which that party intends to file with the Court, that party shall seek concurrence in writing from the other party prior to the filing of any Confidential Document.  The parties shall confer in good faith and reasonably cooperate with each other to ensure that the confidentiality of the Confidential Document(s) remains protected.  Such cooperation may include redacting applicable portions of any Confidential Document to allow such Confidential Document to be filed with the Court.

Should the parties fail to reach an agreement concerning the filing of a Confidential Document using the above process, nothing contained herein shall alter the burden of proof or requirements established by Local Rules 5.3 and 26.4 for seeking to have documents filed under seal.

7.     If Confidential Documents, or information contained therein, are used or discussed in any deposition in this action, or if confidential information is the subject of deposition testimony, the pages of transcribed testimony concerning such document or information or any exhibit containing such Confidential Documents or information shall likewise be designated Confidential and made subject to the provisions of this Stipulation and Protective Order.  Counsel for the Party desiring confidential treatment for such pages or exhibits must make a record of the demand for confidential treatment at the time of the deposition.   Deposition pages or exhibits so designated as Confidential and the information contained therein shall remain confidential and shall not be used or disclosed for any purpose except as permitted by this Stipulation and Protective Order.  Should any party disagree with such designation, it may seek

relief or challenge in accordance with the procedures set forth in Paragraph 13 of this Stipulation and Protective Order.

8.      If a party to this Stipulation and Protective Order receives a request, subpoena or order to produce any Confidential Documents or information derived from Confidential Documents obtained in connection with this action, such person shall immediately notify the Party that produced such Confidential Documents (the "Producing Party") in writing of such request, subpoena or order, and shall exercise reasonable efforts to do so before responding to the request, subpoena, or order to produce.

9.      At the conclusion of this action, all Confidential Documents, and any copies, excerpts, or summaries thereof (except documents constituting attorney work product) shall be destroyed or returned to the party who produced such Confidential Documents, except that the parties shall be allowed to maintain one (1) copy in storage as necessary to defend any professional malpractice matter, except as provided below with regard to Confidential Documents containing HIPAA-protected patient identifying information.  Upon written request, counsel of record for the parties shall each certify in writing within 60 days of the conclusion of this action that all such materials have been so destroyed or returned and that they have retained no copies of the Confidential Documents, except for the one (1) copy kept in storage as necessary to defend any professional malpractice matter.

The parties, however, further agree that to the extent a Confidential Document contains HIPAA-protected patient identifying information, that such Confidential Document containing HIPAA-protected patient identifying information must be returned to the disclosing party or destroyed at the end of this litigation and that the other party **shall not** maintain any original documents containing HIPAA-protected patient identifying information or any copies thereof.

5

Defendant agrees to maintain a copy of any Confidential Document in storage for at least two (2) years following the conclusion of this action.

10.     The conclusion of this action shall not relieve counsel for the Parties or any person permitted access to Confidential Documents pursuant to this Stipulation and Protective Order from the obligations set forth herein, and the Court shall retain jurisdiction after the final disposition of this action for the purpose of any application to enforce the provisions of this Stipulation and Protective Order.

11.     This Stipulation and Protective Order shall remain in full force and effect until modified, superseded, or terminated, by consent of the parties to this Stipulation or by further order of the Court.  The entry of this Stipulation and Protective Order is without prejudice to any person or entity's right to seek from the Court additional relief with regard to confidentiality of its documents.

12.     It is understood and agreed that the execution of this Stipulation and Protective Order shall in no way constitute a waiver of the right of any party to the Action to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the uses, relevance or admissibility of any documents or their contents. It is further understood and agreed that, although counsel for the Parties signing this Stipulation and Protective Order agree to be bound thereby, their signing of this Stipulation and Protective Order does not constitute their concurrence with any characterization of documents as being confidential.  The parties acknowledge that the Court is the ultimate arbiter of actual confidentiality.

13.     A party may seek relief from any of these provisions or challenge the designation of confidentiality on any document by motion to the Court with notice and an opportunity to be

heard provided to the Producing Party.  Any Confidential Document as to which such a motion is made shall continue to be treated as Confidential until an order of the Court is entered regarding the motion.

       **DONE** and **ORDERED** this 9th day of July, 2012.


                              s/Julian Abele Cook, Jr.
                              JULIAN ABELE COOK, JR.
                              UNITED STATES DISTRICT JUDGE


IT IS SO STIPULATED:

June 25, 2012                              June 25, 2012



/s/ Sarah S. Prescott (with consent)        /s/ Timothy Burkhard
                                          Alan G. Gilchrist (P23408)
Deborah L. Gordon (P27058)              Robert S. Iwrey (P48688)
Sarah S. Prescott (P70510)               Timothy Burkhard (P73210)
Deborah L. Gordon, PLC                  The Health Law Partners, P.C.
Attorneys for Plaintiffs                   Attorneys for Defendant
33 Bloomfield Hills Parkway, Suite 275   29566 Northwestern Highway, Suite 200
Bloomfield Hills, MI 48304            Southfield, MI 48034
248-258-2500                            248-996-8510
dgordon@deborahgordonlaw.com        agilchrist@thehlp.com
                                          riwrey@thehlp.com
                                          tburkhard@thehlp.com