UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel. ALICE C.
YANITY, MAUREEN C. MCNABB, and TRACEE
URQUHART,

        Plaintiffs-Relators,

                              Case No. 08-11825
v.                             Honorable Julian Abele Cook, Jr.

J & B MEDICAL SUPPLY COMPANY, INC.,

        Defendant.

ORDER

This is a civil lawsuit, in which the three individual Plaintiffs-Relators (Alice Yannity, Maureen McNabb, and Tracee Urquhart) have collectively accused the Defendant (J&B Medical Supply Company) of (1) violating the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 and 3733, through fraudulent medical billing practices; (2) committing acts of retaliation against them as employees for engaging in a protected activity in violation of 31 U.S.C. § 3730(h); (3) retaliating against all of them in violation of Michigan public policy; and (4) disregarding Mich. Comp. Laws § 400.610c with unlawful acts of retaliation against them.

Currently pending before the Court is a motion for interlocutory review pursuant to 28 U.S.C. § 1292(b). (ECF 75).

I.

On October 10, 2012, this Court entered an order which denied the Defendant's motion for

1

the entry of a judgment on the pleadings with respect to counts II, III, and IV of the First Amended Complaint. The Defendant has now filed a motion, seeking to obtain a certification for an interlocutory review on three issues:

> (1) Whether the Plaintiffs' claims of retaliation in violation of 31 U.S.C. § 3730(h) (count II) should be dismissed for failing to bring the action within the applicable statute of limitations periods;
>
> (2) Whether the Plaintiffs' claims of retaliation in violation of Michigan public policy (count III) should be dismissed as having been preempted by the relief in the Federal False Claims Act or the Michigan Medicaid False Claims Act; and
>
> (3) Whether the Plaintiffs' claims of retaliation in violation of Mich. Comp. Laws § 400.610c (count IV) should be dismissed because the Michigan Medicaid False Claims Act does not create a private right of action

A district court has the discretion to grant permission to a party to appeal a non-final order if (1) the challenged directive involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). The Sixth Circuit has opined that interlocutory review should be "granted sparingly and only in exceptional cases." *In re: City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

## II.

1. Controlling Question of Law

A legal issue is controlling if it could materially affect the outcome of the case. *See In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.,* 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992). The Defendant contends that counts II, III, and IV of the First Amended Complaint raise controlling questions of law.

With respect to Count II, in its order of October 10, 2012, the Court found that the three-

year statute of limitations which is generally applicable to tort claims should be applied to 31 U.S.C. § 3730(h) despite the Defendant's assertion that the 90-day statute of limitations from the Whistleblower Protection Act should apply, Mich. Comp. Law § 15.361 et seq.. The Defendant submits that if the appellate court accepts an appeal and rules in its favor with regard to the statute of limitations issue, the Plaintiffs' claims would be time-barred and, in turn, require the entry of a dismissal in this case. Thus, the Defendants are correct in asserting that the statute of limitations issue is a controlling question of law with respect to this claim.

In its motion for summary judgment as it relates to Count III, the Defendant argued that this claim has been preempted by federal and state statutes which provide a claimant with the exclusive remedies for recovery. Whether a claim is preempted is a controlling question of law. *See Chrysler Group LLC v. South Holland Dodge, Inc.*, 862 F. Supp. 2d 661, 688 (E.D.Mich. 2012); *GTE Mobilenet of Ohio v. Johnson*, 111 F.3d 469, 475 (6th Cir. 1997) ("[q]uestions of federal preemption of state law generally are considered questions of law subject to de novo review.").

Count IV complains about acts of alleged retaliation by the Defendant in violation of the Michigan Medicaid False Claim Act, Mich. Comp. Laws § 400.610c. The Defendant has asserted that this statute does not create a private right of action. The Court determined that because the Federal False Claims Act created a private right of action, its state counterpart created one as well. This is an issue of statutory interpretation and is therefore a controlling question of law. *Vergos v. Gregg's Enterprises, Inc.*, 159 F.3d 989, 990 (6th Cir. 1998) (issue of statutory interpretation is question of law).

All three of the Defendant's proposed issues present a controlling question of law and therefore satisfy the first requirement for interlocutory review under 28 U.S.C. §1292(b).

2. Substantial Ground for Difference of Opinion

According to the law in the Sixth Circuit, "substantial grounds for difference of opinion exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, 2010 WL 940164 (E.D. Mich. 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51). This occurs when a given issue (1) is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue. *Serrano*, *supra* (citing *Gaylord Enter. Co. v. Gilmore Enter. Group*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001)).

With respect to the first point, the Defendant contends that there is substantial ground for difference of opinion as to which statute of limitations period applies to the Plaintiffs' retaliation claims under the federal False Claims Act. There is no dispute that at the time of the Plaintiffs' employment terminations, the federal False Claims Act did not contain a limitations period for bringing a retaliation claim. Since the Michigan False Claims Act also lacks a statute of limitations, the Court adopted the general three-year period applicable to torts. The Defendant has identified a number of court decisions from other states that have applied the statute of limitations found under the state's respective Whistleblower Protection Act. *See U.S. ex. rel. Hinden v. UNC/Lear Services, Inc.*, 362 F. Supp. 2d 1203 (D. Haw. 2005) (Whistleblower's Protection Act limitations period of 90 days in Hawaii was the most closely analogous cause of action to § 3730(h) retaliation claim); *U.S. ex. rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 723-25 (N.D. Tex. 2011) (borrowing 180-day statute of limitations applicable to state whistle blower claims).

These district court cases from other circuits do not create a difference of opinion within the Sixth Circuit or demonstrate a circuit split on this issue. Furthermore, none of these cases

4

analyzed the issue which was decided in the order of this Court; namely, determining which Michigan statute was most closely analogous to the federal act. The Defendant has not offered, and the Court has not found, cases from the Sixth Circuit on this point. Still further, the Court does not find the issue to be one of particular difficulty. Rather, it appears that the Defendant has a "mere question as to the correctness" of the ruling, which is insufficient for interlocutory review.

The third count is a claim for retaliation in violation of Michigan public policy. The Court has previously found that this was a viable claim even though the Plaintiffs also seeks relief under federal and state statutes. The Defendant has urged the Court to find that this claim is preempted by state and federal statutes. However, as noted by the Court, this count continues to be viable as long as the Plaintiffs do not seek damages under duplicative theories. Since it is unclear from a reading of the facts whether a statutory provision is applicable in the pending litigation, the Court cannot determine as a matter of law if a federal or state statute would or should preempt an otherwise appropriate usage of the common law. *See also Hall v. Consumers Energy Co.*, 2006 WL 1479911, *2 (Mich. App. 2006); *Deneau v. Manor Care, Inc.*, 219 F. Supp. 2d 855, 869 (E.D. Mich. 2002).

With respect to the fourth count (namely, a claimed retaliation in violation of the Michigan Medicaid False Claim Act, Mich. Comp. Laws § 400.610c), the Court has previously found that there can be a private cause of action under this statute. However, it is the position of the Defendant that there is no case law which addresses this problem. While this case involves a question of first impression, it does not involve particularly novel or difficult issues. The Sixth Circuit has repeatedly stated that motions for interlocutory appeal should only be granted in exceptional cases. *Kraus v. Board of County Road Commissioners*, 364 F.2d 919, 922 (6th Cir. 1966).

3. Materially Advance the Termination of Litigation

Finally, 28 U.S.C. § 1292(b) requires that a certification should materially advance the termination of a case. The Defendant submits that certifying these three issues for appeal will materially advance the ultimate termination of this litigation. In particular, the Defendant asserts that the amount and scope of discovery could be limited along with the corresponding set of motions. However, the Court notes that the Plaintiffs' claims in their first count, all of which pertain to the False Claims Act, 31 U.S.C. §§ 3729 and 3733, were not included in this motion. Although an interlocutory appeal may have the potential for narrowing the issues for discovery and litigation, the case would still need to address and resolve the issues relating to the first count. Therefore, an immediate appeal - if authorized - would neither materially advance the final termination of this lawsuit nor improve its judicial efficiency.

In summary, the issues that have been raised in this motion do not rise to the "exceptional" standard required for interlocutory review. Hence, the Defendant's motion is denied. (ECF 75).

IT IS SO ORDERED.

Date: February 19, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 19, 2013.

s/ Kay Doaks
Case Manager